UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C26-5398-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by failing to find Plaintiff had a listed impairment, improperly discounting his testimony, improperly evaluating the medical opinions, and relying on unreliable vocational evidence, and requests remand for an immediate award of benefits. (Dkt. # 10.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 15.) Plaintiff filed a reply. (Dkt. # 16.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court

REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[1]

## II. BACKGROUND

Plaintiff was born in January 1987, has at least a high school education, and has worked as a stocker. AR at 386, 391, 395. Plaintiff was last gainfully employed in 2023. *Id.* at 368.

In April 2023, Plaintiff applied for benefits, alleging disability as of February 27, 2023. AR at 316, 324. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 17. After the ALJ conducted hearings in January and August 2025, the ALJ issued a decision finding Plaintiff not disabled before June 25, 2025. *Id.* at 17.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has not engaged in substantial gainful activity ("SGA") since February 24, 2023, and his date last insured is December 31, 2027. AR at 20. He has the severe impairments of lymphoma, lumbar degenerative disc disease, obesity, depressive disorder, and post-traumatic stress disorder. *Id.* Before June 25, 2025, the date the ALJ determined Plaintiff became disabled, he had the residual functional capacity ("RFC") to perform sedentary work with some additional exertional, environmental, and mental limitations. *Id.* at 23. As jobs existed in significant number that Plaintiff could perform, he was not disabled prior to June 25, 2025. *Id.* at 28-29. On June 25, 2025, Plaintiff's stage 4 lymphoma met the listing requirements and Plaintiff became disabled. *Id.* at 29-30.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

[2] 20 C.F.R. §§ 404.1520, 416.920.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

**III. LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. The ALJ Erred in Applying the Listed Impairment

Plaintiff was diagnosed with stage four low grade follicular non-Hodgkin's lymphoma in January 2023. AR at 2733. The listed impairment for non-Hodgkin's lymphomas in adults is governed by 20 C.F.R. Part 404, Subpart P, Appendix 1, 13.05(A), which is divided into two subparts. The ALJ found that the listing in the second subpart, at 13.05(A)(2),[3] applied to Plaintiff's lymphoma.

Testifying medical expert Shruti Pandita, M.D., testified that beginning in March 2025, medical records show signs of "malignant transformation to a higher grade disease." AR at 97. But she determined that there was no evidence that Plaintiff's impairments would have caused a limitation in his capacity to work before June 2025. *Id.* at 98. Despite the inconsistency in this testimony, the ALJ found, based on this evidence, Plaintiff's lymphoma returned and met the listing requirements on June 25, 2025. *Id.* at 29. June 25, 2025, is the date that a PET scan confirmed recurrence of Plaintiff's lymphoma, and does not appropriately apply the listing guidance of 13.05(A)(2) which clearly states that, when this listing applies, a claimant is "[c]onsider[ed] under a disability from at least the date of initiation of the treatment regimen that failed within 12 months." Plaintiff's lymphoma was confirmed as either recurring, or worsening, at the June 25, 2025 scan. This would mean that Plaintiff's *previous* treatment is the one that failed and should govern the date the listing applied. Either the ALJ found the wrong subpart of

[3] "Indolent lymphoma (including mycosis fungoides and follicular small cleaved cell) requiring initiation of more than one (single mode or multimodal) anticancer treatment regimen within a period of 12 consecutive months. Consider under a disability from at least the date of initiation of the treatment regimen that failed within 12 months."

the listing applied[4] or he misapplied the listing requirements. Whichever is true, this error requires remand.

**B. The ALJ Erred in Evaluating the Vocational Expert Testimony**

The ALJ found, based on the vocational expert ("VE") testimony, that during the relevant period Plaintiff could perform the following jobs: surveillance system monitor, document preparer, and addresser. AR at 28. The VE testified that she used the data from, *inter alia*, Job Browser Pro to identify jobs Plaintiff could perform and the number of available jobs in the national economy. *Id.* at 116. Plaintiff argues that the job number information provided by the VE testimony was not reliable, as the numbers did not match the number of jobs available listed in Job Browser Pro. (Dkt. # 10 at 13-14.)

The ALJ found that there were 11,000 surveillance system monitor, 12,500 document preparer, and 1,500 addresser jobs available nationwide. AR at 28. None of these numbers match the Job Browser Pro data Plaintiff provided, *see id.* at 548, 550, 552, but the greatest discrepancy is the difference between the number of available surveillance system monitor jobs at only 3,085, *id.* at 552. The Commissioner argues the ALJ properly relied on the VE's expertise. (Dkt. # 15 at 12-14.) At the August 2025 hearing Plaintiff, through counsel, requested time to review the job information "to determine if there's any potential discrepancy or anything of concern that I might have regarding [the VE] testimony." AR at 120. Plaintiff submitted evidence of the discrepancy in the job numbers on October 6, 2025, prior to the ALJ issuing his October 21, 2026 decision. *Id.* at 546-55.

---

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1, 13.05(A)(1) describes the listing for aggressive non-Hodgkin's lymphomas, which includes "persistent or recurrent following initial anticancer therapy" and does not give clear directions on when a claimant becomes disabled.

When a plaintiff submits job-number evidence which differs from the VE testimony, and that evidence has significant probative value, an ALJ must address the evidence and resolve the inconsistency. *Powley v. Bisignano*, 169 F.4th 1158, 1166 (9th Cir. 2026). While he acknowledged the methodology the VE used to identify job numbers, the ALJ did not address the conflicting numbers Plaintiff provided. As Plaintiff correctly argues, this job number discrepancy dropped the number of available jobs from arguably significant to insignificant, and therefore had significant probative value. (Dkt. # 10 at 13-14; dkt. # 16 at 7.) This is an error which requires remand. As the foregoing errors are dispositive of the remedy in this case, the Court need not address Plaintiff's remaining assignments of error.

### C. Remand for an Award of Benefits is the Appropriate Remedy

Plaintiff requests remand for an award of benefits. (Dkt. # 10 at 14-17.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F.3d 1090, 1100 (9th Cir. 2014).

As discussed above, the first step of the *Garrison* test is met, as the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's job number evidence. The Commissioner does not argue that the record needs further development, only that there remains "serious doubt" of disability during the period at issue. (Dkt. # 15 at 14.) Therefore, the Court turns to the question of whether the ALJ would have been required to find disability if the improperly evaluated evidence were credited as true.

The Court does not need to determine what the proper onset date would have been for the listing at issue because the ALJ's RFC finding would have required a finding of disability either way. The Ninth Circuit has found that 25,000 jobs in the national economy presents a "close call" on whether that is a significant number, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014), though it has not set out a bright-line rule defining "significance" for purposes of step-five findings. *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012).

Applying step three of the *Garrison* "credit-as-true rule," 759 F.3d at 1020, and crediting Plaintiff's improperly discredited job numbers as true, Plaintiff's RFC finding would have resulted in only 19,287 jobs available in the national economy during the relevant period. The Commissioner does not argue that the ALJ could have found 19,287 jobs to be a significant number in the national economy. (*See* dkt. # 15 at 12-14.) Plaintiff reasonably argues this is an insignificant number which should result in a finding of disability and an immediate award of benefits. The Court agrees. Even without the ALJ's other errors, which miscalculated when Plaintiff's disability benefits should have begun, the ALJ did not reasonably find that there were a significant number of jobs in the national economy that Plaintiff could perform. Accordingly, remand for an immediate award of benefits is the appropriate remedy.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge